1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLARENCE B. HICKMAN, SR.,

11              Plaintiff,                    No. CIV S-06-1554 GEB GGH P

12        vs.

13   HARPER MEDICAL GROUP, INC., et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis, who seeks

17   relief pursuant to 42 U.S.C. § 1983.   By <u>Order</u>, filed on December 19, 2006, plaintiff's

18   complaint was dismissed with leave to file an amended complaint.   Plaintiff has filed an

19   amended complaint which has failed to cure the defects of the original.

20          As plaintiff has been previously informed the court is required to screen

21   complaints brought by prisoners seeking relief against a governmental entity or officer or

22   employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

23   or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

24   fail to state a claim upon which relief may be granted, or that seek monetary relief from a

25   defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26   \\\\\

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a

9 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10 of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

11 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

12 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

13 a complaint under this standard, the court must accept as true the allegations of the complaint in

14 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

15 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17    Plaintiff's putative amended complaint is comprised largely of a series of random

18 exhibits, including memoranda and letters from and to plaintiff, regarding his requests

19 concerning a conditional release program.  In an apparent addendum to his amended complaint,

20 plaintiff requests a congressional investigation regarding unidentified threats to unspecified

21 international laws, as well as to himself.  Plaintiff identifies himself as an inventor and designer,

22 as well as a patient, in a document obscurely captioned "Notice of Motion Corpuscle within Love

23 Motion."  Plaintiff claims therein to be in love with a "Psych Teach" (Tech.?) at Napa State

24 Hospital, named Ms. Jeanette Philips, who is evidently afraid of him because of his "pass [sic]

25 life."  Plaintiff has been seeking a pardon, so that he can get out and pursue some form of

26 business.

1          Plaintiff was previously cautioned that if he should file an amended complaint

2  similarly frivolous to the original one, which also fails to state a claim, that the court would

3  recommend dismissal of this action on that ground.  However, among the virtually incoherent,

4  possibly delusional, ramblings plaintiff has set forth, plaintiff makes a vague reference to being

5  made "sicker" by "Psych" medication which he has been taking.  Plaintiff attaches copies of

6  unauthenticated documentation, apparently from the state Department of Mental Health which

7  describes, inter alia, the warnings, uses, side effects, precautions of two medications,

8  Aripiprazole and Risperidone.  These documents contain comments, apparently in plaintiff's

9  handwriting, which indicate that he is claiming a violation of his Eighth Amendment rights by

10  being subjected to the side effects of these medications.

11          "The Supreme Court has thrice recognized a 'liberty interest in freedom from

12  unwanted anti-psychotic drugs.'" U.S. v. Rivera-Guerrero, 426 F.3d 1130, 1136 (9th Cir. 2005),

13  quoting United States v. Williams, 356 F.3d 1045, 1053 (9th Cir.2004) (quoting Riggins v.

14  Nevada, 504 U.S. 127, 137, 112 S.Ct. 1810 [] (1992)).

> In Washington v. Harper, the Court held that prisoners "possess[ ]
> a significant liberty interest in avoiding the unwanted
> administration of anti-psychotic drugs under the Due Process
> Clause of the Fourteenth Amendment."  424 U.S. [210] at 221[-
> 222], 96 S.Ct. 612 [1990]. It explained that involuntary medication
> is permitted only for "inmates who are ... gravely disabled or
> represent a significant danger to themselves or others," id. at 226,
> 96 S.Ct. 612, and only after the court is satisfied that the
> medication would be "in the prisoner's medical interests, given the
> legitimate needs of his institutional confinement." Id. at 222, 96
> S.Ct. 612.

21  Rivera-Guerrero, supra, 426 F.3d at 1136.

22          In a context not applicable here, a criminal defendant facing trial who was

23  involuntarily medicated, the U. S. Supreme Court, in reversing the subsequent murder

24  conviction, stated again that "an individual has a constitutionally protected right to 'avoid []

25  administration of anti-psychotic drugs." Id. at 1136-37, quoting Riggins v. Nevada, 504 U.S. at

26

134, 112 S.Ct. 1810 [1992].[1] <u>See also</u>, <u>Kulas v. Valdez</u>, 159 F.3d 453, 455 (9th Cir. 1998),

quoting <u>Riggins</u>, <u>supra</u>, at 135, 112 S. Ct. at 1815 ("To force antipsychotic drugs on a prisoner or

on a detainee awaiting trial is impermissible under the federal constitution, 'absent a finding of

overriding justification and a determination of medical appropriateness.'").

      While the amended complaint generally appears to continue plaintiff's

violation of even the liberal pleading rules of Fed. R. Civ. P. 8 that the court noted in its prior

screening order of the original complaint, and the amended complaint will be dismissed, the

undersigned will permit plaintiff one final opportunity to amend by setting forth his allegations in

a second amended complaint, wherein he states whether he is involuntarily medicated with anti-

psychotic medications and identifying the medications and the circumstances of his being

compelled to take any such medicines.  Plaintiff may not simply submit random exhibits in lieu

of a further amended complaint, or submit exhibits on which he adds his handwritten

commentary.

      In drafting any amended complaint, plaintiff is reminded that Fed. R. Civ. P 8 sets

forth general rules of pleading in the federal courts.  Complaints are required to set a forth (1) the

grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim

showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires

"sufficient allegations to put defendants fairly on notice of the claims against them." <u>McKeever</u>

<u>v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991)).  <u>Accord</u> <u>Richmond v. Nationwide Cassel L.P.</u>, 52

---

[1]  "[I]n <u>Sell v. United States</u>, 539 U.S. 166, 123 S.Ct. 2174, [] (2003), the Supreme Court, extrapolating from <u>Harper</u> and <u>Riggins</u>, held that the "Constitution permits the Government involuntarily to administer anti-psychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial, *but only if* the treatment is ' *medically appropriate*, i.e., in the patient's best medical interest in light of his medical condition,' <u>id</u>. at 181, 123 S.Ct. 2174 (emphasis in original), is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests," id. at 179, 123 S.Ct. 2174. <u>Rivera-Guerrero</u>, <u>supra</u>, 426 F.3d at 1137. [Emphasis in original].  The Ninth Circuit notes that <u>Sell</u> orders are disfavored.  <u>Id</u>.

1  F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to

2  satisfy the notice requirement of Rule 8.)

3            If plaintiff chooses to amend the complaint, plaintiff must do so within thirty days

4  and must demonstrate how the conditions complained of have resulted in a deprivation of

5  plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the

6  second amended complaint must allege in specific terms how each named defendant is involved.

7  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

8  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

9  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d

10 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation

11 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

12 Cir. 1982).

13           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

14 order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that

15 an amended complaint be complete in itself without reference to any prior pleading.  This is

16 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

17 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, a prior

18 amended complaint or the original complaint no longer serves any function in the case.

19 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

20 of each defendant must be sufficiently alleged.

21           Accordingly, IT IS ORDERED that the amended complaint is dismissed for the

22 reasons discussed above, with leave to file a second amended complaint within thirty days from

23 the date of service of this order.  Failure to file a second amended complaint will result in a

24 recommendation that the action be dismissed.  In addition, should he file a second amended

25 complaint that is frivolous in the manner of the original and the first amended complaints, failing

26 \\\\\

1   to state coherently a colorable claim, the court will recommend dismissal of this action on that

2   ground.

3   DATED: 6/27/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
hick1554.b2

6