IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE B. HICKMAN, SR.,

        Plaintiff,                      No. CIV S-06-1554 GEB GGH P

    vs.

HARPER MEDICAL GROUP, INC., et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. By Order, filed on December 19, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. By Order, filed on June 27, 2007, plaintiff's amended complaint was also dismissed, with leave liberally granted for plaintiff to file a second amended complaint. Plaintiff's second amended complaint has failed to cure the defects of his original and amended complaints, and the court must now recommend dismissal of this action.

        Plaintiff has twice previously been informed that the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

1

fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the order dismissing the amended complaint, the court stated, inter alia:

> Plaintiff was previously cautioned that if he should file an amended complaint similarly frivolous to the original one, which also fails to state a claim, that the court would recommend dismissal of this action on that ground.  However, among the virtually incoherent, possibly delusional, ramblings plaintiff has set forth, plaintiff makes a vague reference to being made "sicker" by "Psych" medication which he has been taking.  Plaintiff attaches copies of unauthenticated documentation, apparently from the state Department of Mental Health which describes, inter alia, the warnings, uses, side effects, precautions of two medications, Aripiprazole and Risperidone.  These documents contain comments, apparently in plaintiff's handwriting, which indicate that he is claiming a violation of his Eighth Amendment rights by

being subjected to the side effects of these medications.

"The Supreme Court has thrice recognized a 'liberty interest in freedom from unwanted anti-psychotic drugs.'" U.S. v. Rivera-Guerrero, 426 F.3d 1130, 1136 (9th Cir. 2005), quoting United States v. Williams, 356 F.3d 1045, 1053 (9th Cir.2004) (quoting Riggins v. Nevada, 504 U.S. 127, 137, 112 S.Ct. 1810 [] (1992)).

> In Washington v. Harper, the Court held that prisoners "possess[ ] a significant liberty interest in avoiding the unwanted administration of anti-psychotic drugs under the Due Process Clause of the Fourteenth Amendment." 424 U.S. [210] at 221[-222], 96 S.Ct. 612 [1990]. It explained that involuntary medication is permitted only for "inmates who are ... gravely disabled or represent a significant danger to themselves or others," id. at 226, 96 S.Ct. 612, and only after the court is satisfied that the medication would be "in the prisoner's medical interests, given the legitimate needs of his institutional confinement." Id. at 222, 96 S.Ct. 612.

Rivera-Guerrero, supra, 426 F.3d at 1136.

In a context not applicable here, a criminal defendant facing trial who was involuntarily medicated, the U. S. Supreme Court, in reversing the subsequent murder conviction, stated again that "an individual has a constitutionally protected right to 'avoid [] administration of anti-psychotic drugs." Id. at 1136-37, quoting Riggins v. Nevada, 504 U.S. at 134, 112 S.Ct. 1810 [1992].[1] See also, Kulas v. Valdez, 159 F.3d 453, 455 (9th Cir. 1998), quoting Riggins, supra, at 135, 112 S. Ct. at 1815 ("To force antipsychotic drugs on a prisoner or on a detainee awaiting trial is impermissible under the federal constitution, 'absent a finding of overriding justification and a determination of medical appropriateness.'").

---

[1] "[I]n Sell v. United States, 539 U.S. 166, 123 S.Ct. 2174, [] (2003), the Supreme Court, extrapolating from Harper and Riggins, held that the "Constitution permits the Government involuntarily to administer anti-psychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial, *but only if* the treatment is '*medically appropriate*, i.e., in the patient's best medical interest in light of his medical condition,' id. at 181, 123 S.Ct. 2174 (emphasis in original), is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests," id. at 179, 123 S.Ct. 2174. Rivera-Guerrero, supra, 426 F.3d at 1137. [Emphasis in original]. The Ninth Circuit notes that Sell orders are disfavored. Id.

3

1 Order, filed on 6/27/07, pp. 3-4.

Despite the fact that plaintiff's amended complaint generally continued the Rule 8 violations of the original complaint, the undersigned permitted plaintiff:

> one final opportunity to amend by setting forth his allegations in a second amended complaint, wherein he states whether he is involuntarily medicated with anti-psychotic medications and identifying the medications and the circumstances of his being compelled to take any such medicines.

Id. at 4.

Plaintiff was once reminded of the requirements of Fed. R. Civ. P. 8. See Order, filed on 6/27/07, pp. 4-5:

> Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)

Finally, plaintiff was cautioned that "should he file a second amended complaint that is frivolous in the manner of the original and the first amended complaints, failing to state coherently a colorable claim, the court will recommend dismissal of this action on that ground." Id. at 5-6.

Despite the court's having very specifically directed plaintiff as to how he could set forth a colorable claim, plaintiff has wholly failed to do so in his second amended complaint. Plaintiff sets forth that defendants Grayball and Jackson "lied" in a report to the Butte County Superior Court, without specifying in any way what the basis for such an allegation is and further stated:

> "Affirmative action" Both defendants didn't wanted [sic] plaintiff Clarence B. Hickman Sr. to have "equal opportunity" in business in fact the both [sic] defendants wanted to take my inventions because they can get "rich" off of them my inventions [sic].

Second Amended Complaint, p. 1.

4

Nothing set forth in the remaining allegations comes close to framing a colorable Eighth Amendment violation, and the court will now recommend dismissal of this action with prejudice as frivolous. Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice as patently frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 04/04/08                                           /s/ Gregory G. Hollows

                                                          UNITED STATES MAGISTRATE JUDGE

GGH:009/hick1554.fr